IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00652-RJC
(3:15-cr-000108-RJC-1)

| | |
|---|---|
| CONSTANTINO RODRIGUEZ-BAILON, ) ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On March 19, 2014, Petitioner was indicted in this District on one count of illegal re-entry into the United States subsequent to his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), 1326(b)(2). On May 14, 2014, Petitioner pleaded guilty to the charge without a plea agreement and his case was referred to the U.S. Probation Office for preparation of a presentence report (PSR).

In the PSR, the probation officer identified the aggravated felony that supported the § 1326 charge which was possession with intent to distribute a controlled substance (marijuana) that Petitioner sustained in Utah state court on March 23, 2011, and for which he was sentenced to a term of 5-years' imprisonment. (3:14-cr-00054, Doc. No. 15: PSR ¶ 37). The probation officer began with a base offense level of 8 pursuant to U.S. Sentencing Guidelines Manual

1

(USSG) § 2L1.2, for the illegal reentry conviction and applied a twelve-level enhancement under USSG § 2L1.2(b)(1)(A) based on Petitioner's 2011 drug trafficking crime. After adjusting for acceptance of responsibility, Petitioner's total offense level was 17, and with a criminal history category V, Petitioner's Guidelines range 46-57 months' imprisonment.

On May 27, 2015, Petitioner was sentenced to 46-months and he appealed contending that his sentence was procedurally unreasonable and that this Court erred in failing to consider his plea for a sentence below his Guidelines range. On March 14, 2016, the Circuit Court rejected both arguments and affirmed his judgment in an unpublished, per curiam opinion. United States v. Bailon, 638 F. App'x 233 (4th Cir. 2016).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In this collateral proceeding, Petitioner argues that he is entitled to relief from his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[1] (3:16-cv-

---

[1] In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

2

00652, Doc. No. 1: Motion to Vacate at 6). Specifically, Petitioner contends that the twelve-level enhancement that was applied pursuant to USSG § 2L1.2(b)(1)(A), based on his reentry after being convicted of an aggravated felony (drug trafficking offense), is no longer valid following Johnson.

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense" or both, that are "committed on occasions different from one another . . ." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii)

Section § 2L1.2(b)(1)(A)(i) of the Guidelines provides, as is relevant to Petitioner, that a defendant's offense level is increased by twelve levels if he has previously been deported after having sustained a conviction for a felony drug trafficking offense, for which the defendant received a sentence of more than 13 months' imprisonment. As noted, Petitioner pleaded guilty to being deported and he received a 5-year term of imprisonment for his 2011 drug trafficking offense.

3

In sum, Petitioner's argument fails for the simple reason that the holding in Johnson has no bearing on the legality of the application of § 2L1.2(b)(1)(A)(i), as it pertains to the twelve-level enhancement that was applied to Petitioner's offense level for his drug trafficking offense.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge